IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRISTIAN LEE BELLAMY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:24-cv-2424-DWD |
| ) | |
| **WARDEN LILLARD,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On November 4, 2024, Petitioner Kristian Lee Bellamy filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Bellamy is incarcerated at the Federal Prison Camp at Greenville, Illinois, where Respondent is the warden. Bellamy claims that the Bureau of Prisons ought to apply 1,195 days of credit to her sentence under the First Step Act of 2018. *See* 18 U.S.C § 3632(d)(4). According to Bellamy, these credits, along with her eligibility to be placed in home confinement for ten percent of her sentence under the Second Chance Act, 18 U.S.C. § 3624(c)(2), qualify her for immediate transfer to pre-custody release. Finally, Bellamy appears to allege violations of her constitutional rights due to the Bureau of Prison's failure to appropriately calculate her sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

1

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this court the authority to apply the rules to other *habeas corpus* cases.

The computation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *United States v. Walker* (917 F.3d 989, 994 (7th Cir. 2019) (noting an inmate may challenge the computation of a sentence by a § 2241 petition after first seeking relief through the BOP's administrative process). Here, it is not plainly apparent that Bellamy is not entitled to habeas relief. Without commenting on the merits of Bellamy's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before November 21, 2024. This preliminary order to respond does not preclude the respondent from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of her continuing obligation to keep the Clerk and opposing parties informed of any change in her whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: November 7, 2024

_____
DAVID W. DUGAN
United States District Judge