IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIAN LEE BELLAMY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-2424-DWD |
| | ) |
| WARDEN LILLARD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court is Petitioner Kristian Lee Bellamy's *pro so* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and Respondent's Motion to Dismiss the Petition as Moot. (Doc. 12).

**Discussion**

At the time Bellamy filed the petition, on November 4, 2024, she was incarcerated at FCI Greenville. Bellamy sought the application of 1,195 days of credit to her sentence by the Bureau of Prisons ("BOP") under the First Step Act of 2018. *See* 18 U.S.C § 3632(d)(4). According to Bellamy, these credits, along with her eligibility to be placed in home confinement for ten percent of her sentence under the Second Chance Act, 18 U.S.C. § 3624(c)(2), qualified her for immediate transfer to pre-custody release.

Respondent filed a response on November 20, 2024, providing a calculation of Bellamy's sentence and indicating that she was scheduled for placement in pre-release custody on December 11, 2024. (Doc. 11). Bellamy has since been placed in pre-release

custody under the supervision of the Cincinnati Residential Reentry Management field office. *See* BOP Inmate Locator, at https://www.bop.gov/inmateloc/.

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Id.* Further, the purpose of a habeas case is to seek immediate or earlier release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Bellamy has been placed in pre-release custody. As such, she has received the relief sought in the petition. There appears to be no additional relief that Bellamy seeks through these habeas proceedings. Accordingly, the petition is moot.

## Conclusion

For the above-stated reasons, Respondent's Motion to Dismiss as Moot (Doc. 12) is **GRANTED**. This action is **DISMISSED** without prejudice as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment reflecting the dismissal and to close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should she choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* FED. R. APP. P. 4.

**SO ORDERED.**

Dated: January 23, 2025

_____
DAVID W. DUGAN
United States District Judge

3